UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JAIME BATISTA,
: 03 Civ. 10030 (RMB) (DF)
Petitioner,
: **REPORT AND**
-against- **RECOMMENDATION**
:
PEOPLE,
:
Respondent.
:
------------------------------------------------------------X

**TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:**

In this action, *pro se* petitioner Jaime Batista ("Petitioner") filed a petition for a writ of habeas corpus, seeking relief from his 1999 conviction in the New York State Supreme Court, Bronx County, of criminal sale of a controlled substance in the third degree. For the following reasons, I respectfully recommend that the petition be dismissed as moot.

## BACKGROUND

This is the second time that this Court has addressed a habeas petition filed by Petitioner. In his first petition, No. 02 Civ. 2964, which was before this Court on consent, Petitioner challenged an order removing him from the United States on the basis of a 1986 conviction for attempted criminal possession of a weapon in the third degree. By Memorandum and Order dated July 26, 2004, the Court denied that petition. Petitioner appealed, but then later sought to withdraw that appeal and consent to removal. (*See* Motion to Withdraw my Appeal of Deportation, dated Jan. 25, 2005) (attached to letter to the Court from Jessica Carmela Darpino, dated Apr. 27, 2005 ("4/27/05 Ltr.").)

In March 2005, this Court received a letter from Respondent's[1] counsel, requesting that the petition in the instant case be taken off of the Court's calendar because, in Petitioner's then-pending application to the Second Circuit to withdraw his appeal, he had asked to be deported. (Letter to the Court from Jessica Carmela Darpino, Esq., dated Mar. 16, 2005 ("3/16/05 Ltr.").) In Respondent's view, the granting of that motion "would render the instant writ moot." (*Id.*) This Court declined to remove this case from its calendar, as it was not clear to the Court that Petitioner's removal would, in fact, render his petition moot, given that Petitioner might still face collateral consequences of his conviction. The Court, however, offered Respondent the opportunity to move, at any time, for dismissal on the ground of mootness. (*See* Order dated Mar. 25, 2005 (Mem. Endors.).)

On April 4, 2005, the Second Circuit granted Petitioner's motion to withdraw his appeal regarding the validity of the removal order. (*See* Order, dated Apr. 4, 2005 (Mem. Endors.), attached to 4/27/05 Ltr.) The Court then held a telephone conference with the parties on April 25, 2005, to inquire whether, under the circumstances, Petitioner wished to withdraw his petition in this action. At that conference, Respondent suggested that, regardless of whether Petitioner might wish to continue with this action, the petition would, in any event, be moot were Petitioner to be removed from the United States. According to Respondent, Petitioner would then suffer no collateral consequences of his conviction, because his re-entry would in any

---

[1] The Court notes that Petitioner has improperly named the "People" as the Respondent in this action. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717-18 (2004); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases (an application for writ of habeas corpus on behalf of a person in state custody "must name as respondent the state officer who has custody"); 28 U.S.C. § 2242 (an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him"). Because this petition is dismissed as moot, however, Petitioner's technical defect is of little consequence.

2

event be barred by his prior conviction record. (Transcript of Apr. 26, 2005 conference ("4/26/05 Tr."), at 4-5.)

At the conference, Petitioner seemed to have difficulty distinguishing between his different cases. When the Court asked Petitioner whether he wished to withdraw the instant habeas petition, he initially confirmed that he did (*see* 4/26/05 Tr. at 11 (". . . [T]hat is why I am asking you to withdraw that. I don't want to continue with that anymore."), but then evidenced confusion as to which petition was being addressed by the Court (*see id.*). Ultimately, the Court instructed Respondent that, if it wished to seek dismissal of the instant petition on the basis of Petitioner's expected removal, it should submit a short motion, laying out the facts and law on which dismissal would be warranted.

Subsequently, Respondent submitted a letter motion to the Court, dated April 27, 2005. (*See* 4/27/05 Ltr.) Respondent's letter describes Petitioner's prior criminal history as follows:

> Petitioner had three felony convictions prior to the instant offense: (1) in 1984, he was convicted of Criminal Possession of a Weapon in the Third Degree, and was sentenced to 5 years' probation; (2) in 1986, he was convicted of Attempted Criminal Possession of a Weapon in the Third Degree, and sentenced to an indeterminate sentence of from two to four years' incarceration; and (3) in 1986, he was convicted of Bail Jumping in the Second Degree, and sentenced to an indeterminate term of from eighteen months to three years' incarceration. Petitioner is being deported based upon his 1986 conviction for Attempted Criminal Possession of a Weapon in the Third Degree.

(*See id.* at 2.) Based on Petitioner's criminal history, Respondent argues in its motion that, once Petitioner is removed, this petition should be dismissed as moot. (*See id.*) Specifically, Respondent argues that, regardless of this Court's determination as to the validity of Petitioner's 1999 conviction, his prior felony convictions in 1986 for attempted weapons possession and bail jumping render him deportable and ineligible for cancellation of deportation. (*See id.* at 2-3,

3

citing various sections of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").) Respondent also argues that, once removed, Petitioner's re-entry to the United States would be permanently barred because his prior bail jumping conviction constitutes an aggravated felony.[2] (*See id.* at 2, citing 8 U.S.C. § 1182(a)(9)(A)(i).) In support of its motion for dismissal, Respondent cites *Perez v. Greiner,* 296 F.3d 123, 126 (2d Cir. 2002) (dismissing habeas petition as moot where alien was permanently barred from re-entry on "wholly separate ground"), and *De La Rosa v. Ebert,* 2005 WL 525650, at *3 (S.D.N.Y. Mar. 4, 1005) (same).

By letter dated April 29, 2005, Petitioner wrote to the Court, reiterating his wish to be deported. Petitioner did not, however, address whether he would be barred from re-entry by his prior convictions once deported.

By letter dated June 16, 2005, Respondent notified the Court that Petitioner had been deported. (*See* Letter to the Court from Jessica Carmela Darpino, Esq., dated June 16, 2005 ("6/16/03 Ltr.").) Attached to this letter was a copy of Petitioner's removal order, and a form showing that Petitioner's removal had been witnessed by a U.S. government representative.

---

[2] Respondent also asserts two additional grounds on which Petitioner is purported to be permanently barred from re-entry to the United States. (*See* 4/27/05 Ltr., at 2-3.) First, citing 8 U.S.C. Section 1182(a)(2)(A)(i)(I), Respondent argues that bail jumping is a crime of "moral turpitude," and that Petitioner is thus "ineligible to return to the United States." (*See id.* at 2.) Second, citing 8 U.S.C. Section 1182(a)(2)(B), Respondent argues that Petitioner is also permanently barred from re-entry because he was convicted of two or more offenses for which he was sentenced, in the aggregate, to more than five years' imprisonment. (*See id.* at 2-3.) The Court questions the merits of these arguments, given that Respondent has cited no authority for its position that bail jumping is a crime of moral turpitude, and that, for the 1986 attempted weapons possession and bail jumping charges, Petitioner was sentenced to prison terms that were to run concurrently, resulting in an aggregate sentence of only 4 years (*see, e.g., In re Aldabesheh,* 1999 B.I.A. LEXIS 37, at *11-18 (Aug. 30, 1999)) (longest concurrent sentence imposed constitutes aggregate term of imprisonment). Nonetheless, the Court need not reach these arguments because Respondent is correct that Petitioner's prior bail jumping conviction is an aggravated felony that permanently bars him from re-entry under Section 1182(a)(9)(A)(ii)(I), as discussed further below.

4

# **DISCUSSION**

As Petitioner has now apparently been removed from the United States, this Court must decide whether to dismiss the instant habeas petition as moot. A case is moot when it no longer presents an active case or controversy before the Court. *See Perez,* 196 F.2d at 125.

A habeas petition challenging a petitioner's criminal conviction is not necessarily mooted by the petitioner's release from prison, because "collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Id.* Where, however, the petitioner has been deported and – regardless of the potential outcome of the habeas petition before the Court – is permanently barred from re-entry to the United States on a separate, independent ground, no meaningful "collateral consequence" of that conviction remains, and the petition should be dismissed. *See id.* at 126.

Specifically, in *Perez*, the Second Circuit held that a deported petitioner's challenge to a robbery conviction was moot because the petitioner had already been permanently barred from re-entry under IIRIRA, by virtue of a prior conviction involving a controlled substance. *See* 296 F.3d at 126. As a result, the Court held that the challenged robbery conviction would not have any meaningful collateral consequences for the petitioner, and dismissed the petition as moot. *See id.*

Other courts in this Circuit, relying on *Perez*, have likewise mooted petitions for lack of meaningful collateral consequences where the petitioners were permanently barred from re-entry into the United States under IIRIRA. *See, e.g., Maragh v. Girdich,* No. 02 Civ. 2965 (WHP) (GWG), 2003 U.S. Dist. LEXIS 1, at *11-15 (S.D.N.Y. Jan. 2, 2003) (where deported petitioner was permanently prohibited from re-entry because of prior multiple convictions under 8 U.S.C.

§ 1182(a)(2)(B), petition challenging removal proceedings was moot for lack of meaningful collateral consequences); *Brown v. Mazzuca*, No. 03 Civ. 666 (JG), 2004 U.S. Dist. LEXIS 15107, at *12-15 (E.D.N.Y. Aug. 5, 2004) (where petitioner was barred from re-entry on grounds other than criminal convictions at issue, no possibility of collateral legal consequences existed for petitioner on the basis of his challenged convictions, and thus petition was moot).

Here, Petitioner was deported as a result of a 1986 conviction for attempted criminal possession of a weapon. Nonetheless, it is his conviction for second-degree bail jumping (which resulted from his failure to appear in court after being released on bail for the 1986 weapon charge),[3] that is of particular importance here, for it permanently bars Petitioner from re-entry into the United States, as Respondent correctly contends. (*See* 4/27/05 Ltr., at 2.)

Under IIRIRA, bail jumping is considered an "aggravated felony." *See* 8 U.S.C. § 1101(43)(T) (defining aggravated felony as, *inter alia*, "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed.") Further, Section 1182(a)(9)(A)(ii)(I) of IIRIRA states that:

> An alien . . . who . . . has been ordered removed under section 240 [8 U.S.C. § 1229(a)] or any other provision of law . . . and who seeks admission within 10 years of the date of such alien's departure or removal (or within 20 years of such date in the case of a second or subsequent removal *or at any time in the case of an alien convicted of an aggravated felony*) is inadmissible.

(emphasis added). In other words, under IIRIRA, an alien convicted of an aggravated felony who has been deported from the country is permanently inadmissible to the United States. *See*

---

[3] *See Batista v. McElroy*, No. 02 Civ. 2964 (DF), 2004 U.S. Dist. LEXIS 14083, at *4 (S.D.N.Y. July 26, 2004) (discussing Petitioner's criminal history in detail).

*id.* Thus, because Petitioner has been convicted of bail jumping – an aggravated felony – and has already been deported to the Dominican Republic, he is permanently barred from re-entry to the United States. Accordingly, the petition in this action no longer presents a "case or controversy" and should therefore be dismissed.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that the petition in this action be dismissed as moot.

Dated: New York, New York
October 6, 2005

Respectfully submitted,

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Jaime R. Batista, *pro se*
c/o York County Correctional Facility
3400 Concord Road
York, PA 17402

Last known residential address:
3333 Broadway
New York, NY 10036

Jessica Carmela Darpino, Esq.
Assistant District Attorney
198 East 161st Street
Bronx, NY 10451